IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

---

)
Matthew J. Debeikes,                    )
                                        )
             Plaintiff,                 )
                                        )
      v.                                ) Civil No. 13-00504 ACK-RLP
                                        )
Hawaiian Airlines, Inc. and             )
Association of Flight                   )
Attendants-CWA, AFL-CIO,                )
                                        )
             Defendants.                )
                                        )

---

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HAWAIIAN AIRLINES, INC.'S MOTION FOR SANCTIONS PURSUANT TO RULE 11, OR IN THE ALTERNATIVE, FEES AND COSTS PURSUANT TO 28 § U.S.C. 1927**

     For the reasons set forth below, the Court AFFIRMS Magistrate Judge Puglisi's December 21, 2015 Order Granting in Part and Denying in Part Defendant Hawaiian Airlines, Inc's Motion for Sanctions Pursuant to FRCP Rule 11, or in the Alternative, Fees and Costs Pursuant to 28 U.S.C. § 1927, ECF No. 160 (the "Order for Sanctions").

## BACKGROUND

     Plaintiff Matthew Debeikes ("Plaintiff" or "Debeikes") filed his initial Complaint in this action on October 3, 2013 against Defendant Hawaiian Airlines, Inc. ("Hawaiian Airlines") and Defendant Association of Flight Attendants-CWA, AFL-CIO ("AFA") (collectively, "Defendants"). Compl., ECF No. 1. The

Complaint alleged that Defendants forced Plaintiff into early retirement on May 29, 2013.  Id. ¶¶ 9, 14, ECF No. 1. Specifically, the Complaint contended that Hawaiian Airlines violated the collective bargaining agreement ("CBA") governing the terms and conditions of Debeikes' employment with the company, and that AFA breached its duty to fairly represent Plaintiff as one of its bargaining unit members.[1]  Id. ¶¶ 11, 12. The Complaint also alleged that Plaintiff "exhausted contractual and internal remedies" before filing his claim, and "[i]n the alternative" that Defendants' actions excused his failure to exhaust the remedies.  Id. ¶ 13.

On October 30, 2014, both Defendants moved for summary judgment.  AFA filed a Motion for Summary Judgment ("MSJ") as to Plaintiff's claim that it breached the union's DFR, ECF No. 51, and Hawaiian Airlines filed a MSJ as to all of Plaintiff's claims, ECF No. 54.

On February 17, 2015, the Court granted Defendants' MSJs as to all of Plaintiff's claims.  ECF No. 75-1.  In the 64

---

[1] As explained in the Court's February 17, 2015 Order Granting the Motions for Summary Judgment of Defendants Hawaiian Airlines, Inc. and Association of Flight Attendants-CWA, AFL-CIO ("February SJ Order"), Debeikes' Complaint pleaded a "hybrid § 301/fair representation" claim.  February SJ Order at 21, ECF No. 75-1.  Such a claim exempts from federally-mandated arbitration those claims alleging *both* that (1) a plaintiff's employer violated a CBA, and (2) his union breached its duty of fair representation ("DFR") in challenging the CBA violation.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983).

2

page February SJ Order, the Court concluded that none of

Plaintiff's claims, as presented in the Complaint, was viable.

First, the Court found that Plaintiff's allegations of

"constructive discharge," related to Hawaiian Airlines'

"refus[al] to abide by the CBA," were preempted by his breach of

CBA claim.  In addition, the Court found that the claim of

constructive discharge was unsupported on the merits.  See

February SJ Order at 28-30, ECF No. 75-1.  Second, the Court

concluded that it lacked jurisdiction to hear Plaintiff's breach

of CBA claim against Hawaiian Airlines, given that Debeikes had

retired and filed suit without exhausting the CBA's grievance

procedures and no exception to the exhaustion requirement

applied.  Id. at 34, 39.[2]  Third, the Court concluded that it

must dismiss Plaintiff's breach of DFR claim against AFA because

his breach of CBA claim was not viable, consistent with Bliesner

---

[2]Within this discussion, the Court considered and rejected Plaintiff's claim that AFA's failure to inform him of the status of the relevant grievance proceedings constituted an exception to the exhaustion requirement.  Id. at 37-39.  Unbeknownst to Plaintiff at the time his original Complaint was filed, AFA had filed a grievance challenging Hawaiian Airlines' refusal to provide investigatory documents related to the sexual harassment claims against Plaintiff.  Id. at 7, 14, 33.  The grievance "was what the union refers to as a 'MEC grievance,' a form of prospective class action grievance filed on behalf of all members to challenge Hawaiian Airlines' misinterpretation or misapplication of the CBA terms."  Id. at 14.  The Court determined, inter alia, that AFA's decision not to disclose the pending grievance to Plaintiff was not arbitrary, discriminatory, or in bad faith, and as such, did not excuse Plaintiff's failure to exhaust the grievance procedures.  Id. at 39.

v. Commc'n Workers of Am., 464 F.3d 910, 913 (9th Cir. 2006).

See id.  In the alternative, the Court also concluded that none of Plaintiff's factual allegations stated a viable breach of DFR claim.  Id. at 40-63.

The February SJ Order dismissed Plaintiff's claims without prejudice and granted Debeikes 30-days' leave to file an Amended Complaint.  Id. at 64.  On March 11, 2015, Debeikes filed his First Amended Complaint ("Am. Compl."), again purporting to bring a hybrid § 301/fair representation claim against AFA and Hawaiian Airlines while also claiming "constructive discharge." Am. Compl. ¶¶ 8-14, ECF No. 80.  Specifically, the Amended Complaint alleged that Hawaiian Airlines "constructively discharged Plaintiff without 'just cause'" when it "predetermined to Terminate Plaintiff in violation of the CBA's due process requirement of a fair hearing."  Id. ¶13.  Relatedly, Plaintiff alleged that Hawaiian Airlines "informed Plaintiff that he would be terminated" if he attended his scheduled disciplinary hearing. Id.  Plaintiff further alleged that AFA was aware that Hawaiian Airlines "predetermined to [t]erminate" him and that it "failed to investigate or process" any related grievance.  Id.  Unlike the original Complaint, the Amended Complaint did not include an allegation that Plaintiff had exhausted his contractual remedies or that his failure to exhaust was excused.

Defendants Hawaiian Airlines and AFA filed separate

motions to dismiss, or in the alternative, grant summary judgment based on Plaintiff's Amended Complaint.  See ECF. Nos. 85, 94. Hawaiian Airlines also filed a "Motion for Sanctions Pursuant to FRCP Rule 11" related to the Amended Complaint.  ECF No. 97. Magistrate Judge Puglisi denied Hawaiian Airlines' motion for sanctions, granting the company leave to "file a second motion seeking Rule 11 sanctions after the district court issues its decision on the pending motions to dismiss or for summary judgment."  See Order Denying Without Prejudice Defendant Hawaiian Airlines, Inc.'s Motion for Sanctions Pursuant to FRCP Rule 11 at 2-3, ECF No. 141.

On March 31, 2015, the parties attended a Final Pretrial Conference with Magistrate Judge Puglisi.  As memorialized in the conference minutes, the Magistrate Judge set a continued trial date, and Plaintiff requested to re-open discovery.  He was expressly "advised to file [a] Motion for Additional Discovery."  Minutes of Conf. of Mar. 31, 2015, ECF No. 91.  Plaintiff did not, however, proceed to file such a motion.

Plaintiff filed Oppositions to Defendants' motions to dismiss, or in the alternative grant summary judgment on May 7, 2015.  See ECF. No. 104, 105.  Neither of Plaintiff's Oppositions raised any issue related to discovery.

On May 11, 2015, the Court issued a Minute Order

observing that Defendants' motions to dismiss, or in the alternative, grant summary judgment were filed after the dispositive motions deadline had passed.  The parties were therefore "encouraged to stipulate to an extension of the dispositive motions deadline."  If such an agreement was not possible, the parties were "directed to seek a conference regarding such extension with Judge Puglisi prior to the hearing scheduled for May 28, 2015 on Defendants' motions."  ECF No. 107.

The parties did not reach an agreement as to a stipulation to extend the dispositive motions deadline.  Instead, the parties attended a telephonic status conference with Magistrate Judge Puglisi on May 27, 2015, after which Magistrate Judge Puglisi issued an order extending the dispositive motions deadline, *nunc pro tunc*, to April 15, 2015.  This allowed Defendants' motions to be considered timely.  Minutes of Conf. of May 27, 2015, ECF No. 116.  Magistrate Judge Puglisi's Minutes also reflect that Plaintiff's counsel raised at the May 27, 2015 status conference that "he would like to depose the declarants who submitted declarations in support of the Motion to Dismiss or, in the Alternative, for Summary Judgment."  Id.

Plaintiff's counsel raised the same request the next day at the Court's scheduled hearing on Defendants' summary judgment motions.  He made an oral motion to continue the hearing and read the minutes of the May 27, 2015 conference into the

record.  The Court granted Plaintiff's oral motion to continue the hearing, in order to allow Plaintiff time to file a written motion to reopen discovery.  <u>See</u> Minutes of Hearing of May 28, 2015, ECF No. 117.

Plaintiff filed his Motion to Reopen Discovery on June 16, 2015.  ECF No. 121.  Magistrate Judge Puglisi denied Plaintiff's motion in its entirety on July 17, 2015, for the reasons explained in his Order Denying Plaintiff Matthew J. Debeikes' Motion to Reopen Discovery.  ECF No. 126.  Plaintiff appealed Magistrate Judge Puglisi's order on July 27, 2015, ECF No. 127, and the Court set a hearing on Plaintiff's appeal for September 3, 2015, ECF No. 130.

The Court denied Plaintiff's appeal on October 9, 2015, for the reasons set forth at length in its Order Affirming the Magistrate Judge's Order Denying Plaintiff Matthew J. Debeikes' Motion to Reopen Discovery.  ECF No. 139.  The Court subsequently heard oral arguments on Defendants' motions to dismiss, or in the alternative grant summary judgment on October 22, 2015.

On October 28, 2015, the Court issued its 69 page Order Granting Summary Judgment as to the Motions to Dismiss or in the Alternative for Summary Judgment of Defendants Hawaiian Airlines, Inc. and Association of Flight Attendants-CWA, AFL-CIO ("October SJ Order").  October SJ Order, ECF No. 143.  The Court first addressed Plaintiff's claims against Hawaiian Airlines.  In this

7

respect, the Court noted that it was unclear whether Plaintiff's Amended Complaint alleged a constructive discharge claim independent from the breach of CBA claim, because the constructive discharge claim was based on a violation of the CBA's "supposed 'due process requirement of a fair hearing.'" Id. at 49-50 (quoting Am. Compl. ¶ 14, ECF No. 80).  The Court concluded that if an independent claim had been alleged, it was preempted by Plaintiff's breach of CBA claim, as the Court similarly determined in its February SJ Order.  Id. at 51-54.  In the alternative, the Court concluded that even if not preempted, a constructive discharge claim failed based on the merits, concluding that Plaintiff had voluntarily retired after admitting to allegations of sexual harassment and that Plaintiff could not prove coercion based on relevant legal authority.  Id. at 54-58. As with the February SJ Order, the Court also determined that it lacked jurisdiction over Plaintiff's breach of CBA claim based on his failure to exhaust contractual remedies.  Id. at 32-49.  The Court noted that the Amended Complaint failed to make any allegation regarding exhaustion or that an exception to the exhaustion requirement applied.  Id. at 34.  Notwithstanding, the Court evaluated each exception and concluded that none applied. Id.  Finally, the Court addressed Plaintiff's claims against AFA. Id. at 58.  As with the February SJ Order, the Court noted that under Bliesner, 464 F. 3d at 913-14, Plaintiff's claim that AFA

breached its DFR could not go forward following the Court's determination that "his breach of CBA claim is not viable." Id. at 58. However, the Court also determined, in the alternative, that Plaintiff's allegations failed to demonstrate a viable breach of duty of fair representation claim against AFA. Id. at 59-67.

Following the Court's October SJ Order, Defendant Hawaiian Airlines filed a renewed Motion for Sanctions Pursuant to FRCP Rule 11 or in the Alternative, Fees and Costs Pursuant to 28 U.S.C. § 1927 on November 12, 2015. ECF No. 146. Defendant AFA filed a Statement of No Position on November 19, 2015. ECF No. 148. Plaintiff filed his Opposition to the Motion on November 26, 2015. ECF. No. 151. Defendant Hawaiian Airlines filed its Reply on December 10, 2015. ECF No. 157. The Order for Sanctions, issued on December 21, 2015, granted in part and denied in part Defendant Hawaiian Airlines' motion.

The instant appeal followed. Plaintiff filed his Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge ("Appeal") on January 4, 2016. ECF No. 162. Hawaiian Airlines filed an Opposition thereto on January 19, 2016 ("Opposition"), ECF No. 165, and AFA filed a Statement of No Position on January 20, 2016, ECF No. 166.

**STANDARD OF REVIEW**

Under Local Rule 74.1, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter. The district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. <u>See</u> Local Rule 74.1; <u>see also</u> Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The legal threshold for appealing a magistrate judge's ruling is high. Under the "clearly erroneous" standard, such a ruling must be accepted unless, after reviewing the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." <u>Ass'n of Apartment Owners of Imperial Plaza v. Fireman's Fund Ins. Co.</u>, Civ. No. 11-00758 ACK-KSC, 2013 WL 2156469 * 2 (D. Haw. May 16, 2013) (citing <u>U.S. v. Hinkson</u>, 585 F.3d 1247, 1260 (9th Cir. 2009) (further citation omitted)).

A district judge may not simply substitute his judgment for that of the magistrate judge. <u>Grimes v. City & Cnty. of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991). Instead, the scope of review is limited to determining whether the magistrate judge reached a decision that falls within "the permissible choices" he could have made. The magistrate judge's findings pass the clear error standard if they are not "illogical or implausible" and have "support in inferences that may be drawn from the facts in the record." <u>Ass'n of Apartment Owners of Imperial Plaza</u>, 2013

10

WL 2156469 at * 2 (citations omitted).

## DISCUSSION

For the reasons explained below, the Court concludes that Magistrate Judge Puglisi's Order is not clearly erroneous or contrary to law.  Accordingly, the Court AFFIRMS the Order for Sanctions in its entirety.

The Order for Sanctions granted Hawaiian Airlines' request for sanctions under Federal Rule of Civil Procedure Rule 11 ("Rule 11") based on Plaintiff's filing of the Amended Complaint.  Order for Sanctions at 15, ECF No. 160.  As a result of Plaintiff's frivolous filing, Magistrate Judge Puglisi ordered Plaintiff's counsel to pay $5000.00[3] to Hawaiian Airlines for "part of the attorneys' fees and costs . . . incurred in responding to Plaintiff's First Amended Complaint."  Id. at 16, 18.[4]  The Order for Sanctions denied Hawaiian Airlines' request for sanctions pursuant to 28 U.S.C. § 1927, which was based on

---

[3]Hawaiian Airlines failed to provide information regarding the amount of fees and costs, but Magistrate Judge Puglisi determined that "the amount of attorneys' fees incurred is significant considering the seven months of litigation that followed the filing of the First Amended Complaint."  Id. at 16. Magistrate Judge Puglisi considered that a $5000.00 sanction would serve the purpose of deterring "future similar conduct." Id. (citing Fed. R. Civ. P. 11(c)(4)).  The parties have not challenged the amount of the sanctions award.

[4]Magistrate Judge Puglisi ordered that the sanctions be paid by Plaintiff's counsel, based on his determination that the legal claims in the Amended Complaint were frivolous.  Id. at 16 n.2 (citing Fed. R. Civ. P. 11(c)(5)(A)).

11

Plaintiff's counsel's dilatory conduct in relation to his discovery requests, because it determined that Hawaiian Airlines failed to "meet the bad faith standard necessary for imposition" of such sanctions. Id. at 17.

The instant Appeal only relates to the imposition of sanctions pursuant to Rule 11, as the parties have not appealed from the Order for Sanctions' denial of sanctions under 28 U.S.C. § 1927. With respect to the Rule 11 sanctions, the Order for Sanctions concluded that the Amended Complaint was frivolous because 1) the claims against Hawaiian Airlines lacked an adequate factual and legal basis, and 2) Plaintiff's counsel failed to conduct a reasonable inquiry prior to filing the Amended Complaint. The Court will discuss these two conclusions in turn in relation to two possible claims raised by Plaintiff against Hawaiian Airlines: constructive discharge and breach of the CBA.[5] Prior to this discussion, however, the Court addresses the proper standard for the imposition of sanctions in the

---

[5]Magistrate Judge Puglisi considered the claims raised against Hawaiian Airlines and concluded that both were frivolous. Because AFA did not request sanctions, Magistrate Judge Puglisi did not separately consider the claims raised against AFA. Without specifically addressing the frivolity thereof, the Court notes that "'the mere existence of one non-frivolous claim' in a complaint does not immunize it from Rule 11 sanctions." Holgate, 425 F.3d at 677 (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1364 (9th Cir. 1990)). Moreover, pursuant to Bliesner, 464 F. 3d at 913-14, Plaintiff's claim that AFA breached its DFR could not go forward following the Court's determination regarding the breach of CBA claim, as noted above.

instant case.

### I.   The Standard for Rule 11 Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides, *inter alia*, that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the motion or other paper is not frivolous, legally unwarranted, or brought for an improper purpose.  Fed. R. Civ. P. 11(b).  For frivolous and legally unwarranted filings, the rule provides that an attorney or unrepresented party must certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"  Fed. R. Civ. P. 11(b)(2).  If the court finds a violation of Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c).

As the Supreme Court has noted, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose."  <u>Cooter & Gell v. Hartmarx Corp.</u>, 496

U.S. 384, 393 (1990).  The "central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts."  <u>Id.</u>  However, Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution."  <u>Operating Eng'rs Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1345 (9th Cir. 1988).  They should not "be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously" and are "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."  <u>Id.</u> at 1344.

In the Appeal, Plaintiff's counsel repeatedly argues that his filing of the Amended Complaint did not involve "any improper purpose" and that he was acting "without any improper motive."  <u>See, e.g.</u>, Appeal at 16, 26, 27, ECF. No. 162. However, as Hawaiian Airlines contends, a showing of "improper motive" is not required for a Rule 11 sanctions claim. Opposition at 16, ECF Dkt. 165.  Indeed, a motion for sanctions can be imposed if "either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'"  <u>Townsend</u>, 929 F.2d at 1362.  Either of these grounds "is sufficient to sustain a sanction[.]"  <u>Id.</u>; <u>see also</u> <u>Zaldivar v. City of L.A.</u>, 780 F.2d 823, 831 (9th Cir. 1986) (affirming the district court's

conclusion "that Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith"), <u>abrogated on other grounds by</u> <u>Cooter</u>, 496 U.S. 384.  Magistrate Judge Puglisi's Order for Sanctions based its granting of sanctions on the frivolousness ground. Thus, Plaintiff's counsel's claim that he did not act with an improper purpose is of no moment.

In its Motion for Sanctions, Hawaiian Airlines argued that Rule 11 sanctions were warranted because Plaintiff's Amended Complaint was frivolous.  Where, as here, "a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  <u>Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005) (quoting <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1119, 1127 (9th Cir 2002)).  Under this standard, a "frivolous" filing is one that "is <u>both</u> baseless <u>and</u> made without a reasonable and competent inquiry."  <u>Id.</u> (quoting <u>In re Keegan Mgmt. Co., Sec. Litig.</u>, 78 F.3d 431, 434 (9th Cir. 1996)).

**II.  The Order for Sanctions' Conclusion that the Amended Complaint Lacked an Adequate Factual and Legal Basis**

15

**Was Not Clearly Erroneous**

The Order for Sanctions first considered whether the claims raised in the Amended Complaint against Hawaiian Airlines were "legally or factually baseless from an objective perspective."  Order for Sanctions at 10, ECF. No. 60; see also Holgate, 425 F.3d at 676.  In this respect, the Order for Sanctions concluded that both claims brought by Plaintiff against Hawaiian Airlines were baseless.  The Court agrees, and considers the claims against Hawaiian Airlines raised in the Amended Complaint in turn.

### A. Constructive Discharge Claim

At the outset, the Court notes that it is unclear from the Amended Complaint whether Plaintiff intended to allege a constructive discharge claim separate from his breach of CBA claim.  The Amended Complaint "indicates that this is not the case" because Plaintiff alleged "he was injured '[a]s a result of Plaintiff's [constructive] discharge by Defendant employer, in violation of plaintiff's rights under the collective bargaining agreement.'"  October SJ Order at 49-50, ECF No. 143 (alterations in original) (quoting Am. Compl. ¶ 14, ECF No. 80).  Assuming that Plaintiff did intend to raise a separate constructive discharge claim, as the Court held in its October SJ Order, any such claim was clearly preempted by Plaintiff's breach of CBA claim.  As the Court explained in both its October SJ Order and

16

its February SJ Order, where a constructive discharge claim or other state law claim depends on the interpretation of the CBA, the claim is preempted.  See id. at 51-54; February SJ Order at 27-28, ECF No. 75-1; see also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1995); Evangelista v. Inlandboatmen's Union of the Pacific, 777 F.2d 1390, 1401 (9th Cir. 1985); Carter v. Smith Food King, 765 F.2d 916, 921 (9th Cir. 1985).

On Appeal, Plaintiff argues that the "predetermined termination" claim raised in the Amended Complaint was not preempted because "[Hawaiian Airlines] telling Debeikes that he would be terminated prior to any witness being heard or document received was in complete bad faith and does not involve in any way [Hawaiian Airlines] interpretation of the CBA."  Appeal at 17, ECF No. 162.  However, the plain language of the Amended Complaint belies Plaintiff's argument.  The Amended Complaint specifically alleged that the fact that Hawaiian Airlines informed Plaintiff "that he would be terminated if he went to the hearing, meaning that before any witness testified or documentary evidence was presented" resulted in Hawaiian Airlines' "predetermin[ation] to Terminate Plaintiff in violation of the CBA's due process requirement of a fair hearing in accordance with the CBA's provisions set forth in Article 23."  Am. Comp. ¶ 13 (emphasis added).  The Amended Complaint further alleged that "[a]s a result of Plaintiff's discharge by [Hawaiian Airlines],

17

<u>in violation of plaintiff's rights under the collective</u>

<u>bargaining agreement</u> . . . plaintiff has suffered grievous and

extensive damages . . . ." <u>Id.</u> ¶ 14 (emphasis added).  Thus, the

constructive discharge claim is wholly dependent on the breach of

the CBA claim, based on the plain language of the Amended

Complaint.  Moreover, Plaintiff fails to explain how a "bad

faith" allegation could proceed as an individual claim, or cite

to any support for this proposition.

As the Order for Sanctions additionally determined,

setting aside that Plaintiff's constructive discharge claim was

preempted, the claim lacked an adequate factual and legal basis

based on the merits.  The Court's conclusion that the claim

lacked merit was based on the lack of evidence that Debeikes was

deceived or coerced in relation to Hawaiian Airlines' position as

to his employment status, as well as the undisputed facts that

Debeikes admitted he was guilty in relation to the harassment

allegations and chose to retire instead of availing himself of

the CBA's grievance procedure and the disciplinary hearing.

October SJ Order at 54-58.  As the Order for Sanctions notes,

this was essentially the same determination reached by the Court

in its previous February MSJ Order.  <u>See</u> Order for Sanctions at

10, ECF No. 160; February MSJ Order at 30, ECF No. 75-1.

On Appeal, Plaintiff argues that the addition of facts

in the Amended Complaint that Hawaiian Airlines "determin[ed] to

terminate Plaintiff in the presence of his immediate supervisor prior to any witness testifying or documents being presented was coercive within the meaning of Morris v. McHugh." Appeal at 23, ECF. No. 162. Plaintiff notes that the February SJ Order cited to Morris v. McHugh, 997 F. Supp. 2d 1144 (D. Hawaii 2014), in its coercion discussion. Appeal at 23, ECF. No. 162. However, although citing to the relevant language in Morris, Plaintiff ignores the fact that to prove coercion, "an employee must show that the employer imposed the terms of his resignation, that he had 'no realistic alternative but to resign,' and that such resignation was the product of the company's improper acts." February SJ Order at 29, ECF Dkt. 75-1 (emphasis added) (footnote omitted) (citing Morris, 997 F. Supp. 2d at 1164); see also October SJ Order at 56. On the latter issue in particular, Plaintiff's coercion argument lacks an adequate legal and factual basis because he admitted to the sexual harassment claim, providing Hawaiian Airlines with a substantiated basis to "believe that there were grounds for termination." Parker v. Bd. of Regents of Tulsa Jr. College, 981 F.2d 1159, 1162 (10th Cir. 1992); see also February SJ Order at 29 n. 21, ECF. No. 75-1 (stating "this is not a case in which coercion occurred because resignation was induced by a threat of disciplinary action that the employer knew could not be substantiated"). In addition, Plaintiff failed to demonstrate that "he had 'no realistic

19

alternative' to retirement, given that the CBA's grievance procedures remained available to him."  October SJ Order at 56, ECF No. 143 (citing February SJ Order at 30, ECF No. 75).  Under these circumstances, Plaintiff has failed to support his claim that the presence of his supervisor during the alleged "predetermined termination" resulted in coercion.[6]

        For the foregoing reasons, the Court concludes that the Order for Sanctions did not clearly err in determining that to the extent a constructive discharge claim was alleged in the Amended Complaint, such a claim lacked an adequate factual and legal basis.

### B. Breach of CBA Claim

        Plaintiff's breach of CBA claim in the Amended Complaint alleged that Hawaiian Airlines "predetermined to [t]erminate" him, and in doing so, violated the CBA's due process requirements.  Am. Compl. ¶ 13, ECF No. 80.  This claim was legally and factually baseless, because as the Court concluded in its October SJ Order, Plaintiff failed to exhaust his contractual remedies and no exception to the exhaustion requirement applied.  October SJ Order at 32-49, ECF. No. 143; see also Jackson v. S. California Gas Co., 881 F.2d 638, 646 (9th Cir. 1989); Soone v.

---

        [6]Notably, as discussed below, the Court's February SJ Order considered and rejected Plaintiff's claim that the conversation between Hawaiian Airlines and Plaintiff demonstrated coercion. Infra at III.A.

<u>Kyo-Ya Co., Ltd.</u>, 353 F. Supp. 2d 1107, 1115 (D. Haw. 2005).  The Court reached the same conclusion in its February SJ Order. February SJ Order at 31-39, ECF No. 75-1.  Notably, although the February SJ Order discussed the exhaustion requirement in detail, as well as the possible exceptions, Plaintiff's Amended Complaint was void of any allegation that Plaintiff attempted to pursue contractual remedies or that an exception to exhaustion may be applicable in his case.  In and of itself, the Amended Complaint is problematic in this regard.  <u>See, e.g.</u>, <u>Holgate</u>, 425 F.3d at 676-77 (determining complaint lacked an adequate legal basis where the complaint "on its face" failed to allege the requirements of the relevant claim).

Notwithstanding Plaintiff's failure to assert any exceptions to the exhaustion requirement, an analysis of the possible exceptions supports Magistrate Judge Puglisi's determination that the Amended Complaint lacked an adequate factual and legal basis.  As the Court noted in both of its summary judgment orders,

> Three exceptions exist to excuse a plaintiff's failure to exhaust contractual remedies prior to filing a breach of CBA claim, where: (1) the employee's use of the grievance procedure would be "futile," (2) the employer's conduct repudiates contractual remedies, or (3) the union's actions breach its DFR in handling the grievance.  <u>See Vaca [v. Sipes]</u>, 386 U.S. [171,] 185 [(1967)]; <u>Glover v. St. Louis-San Francisco R.R. Co.</u>, 393 U.S. 324, 330 (1969); <u>see also</u> <u>Carr [v. Pac. Maritime Ass'n]</u>, 904 F.2d [1313,] 1317-21 [(9th Cir. 1990)](examining and rejecting Plaintiff's

21

invocation of all three exceptions).

October SJ Order at 33-34, ECF No. 143; see also February SJ

Order at 34, ECF No. 75-1.

On Appeal, with respect to the first two exceptions,

Plaintiff asserts that Hawaiian Airlines' "predetermined

termination comments to Debeikes in front of his director

supervisor who remained silent" rendered a resort to the

grievance procedures futile and constituted a repudiation of the

contractual remedies.  Appeal at 10, ECF No. 162.  However, this

argument ignores the clearly established law on futility and

repudiation discussed in both of the Court's summary judgment

orders.  For example, the futility exception is generally

inapplicable where, as here, "the plaintiff never puts his

futility theory to the test by filing a protest." Hawaii

Teamsters & Allied Workers, Local 996, IBT v. City Exp., Inc.,

751 F. Supp. 1426, 1432 (D. Haw. 1990) (citing LeBoutillier v.

Air Line Pilots Ass'n, 778 F.2d 883 (D.C. Cir. 1985)).  Moreover,

as the Court noted in both of its summary judgment orders, "an

employee's choice to retire prior to invoking CBA grievance

procedures also does not make resort to such processes 'futile.'"

October SJ Order at 35, ECF No. 143 (citing February SJ Order at

35, n.24, ECF No. 75).  Plaintiff's contention that the

"predetermined termination comments" demonstrated repudiation

also clearly fails, because as noted in both of the Court's

summary judgment orders, repudiation is only an exception to the exhaustion requirement where "the employer repudiates the specific grievance procedures provided for in the CBA," including, for example, where the employer takes the position that "the grievance procedures d[o] not govern the dispute." Sidhu v. Flecto Co., Inc., 279 F.3d 896, 899 (9th Cir. 2002); see also October SJ Order at 36, ECF No. 143; February SJ Order at 36, ECF No. 75-1.  Plaintiff failed to provide any factual allegations to support such a claim.

Finally, Plaintiff's Appeal argues that his "newly plead" claim that AFA "fail[ed] to pursue an[] individual 23(c) grievance" constituted an exception to the exhaustion requirement.  Appeal at 25, ECF No. 162.  However, an alleged breach of the DFR will excuse exhaustion only where, *inter alia*, the union wrongfully refuses to invoke the grievance process. Carr, 904 F.2d at 1319.  Moreover, to demonstrate a breach of the DFR, an employer must demonstrate that the union's actions were arbitrary, discriminatory, or in bad faith.  See Burkevich v. Air Line Pilots Ass'n, Int'l, 894 F.2d 346, 349 (9th Cir. 1990); Nosie v. Ass'n of Flight Attendants-CWA, AFL-CIO, 722 F. Supp. 2d 1181, 1196 (D. Haw. 2010).  Plaintiff's Amended Complaint and his allegations raised in connection with the Amended Complaint are completely devoid of any such showing.  Further, Plaintiff's argument fails to acknowledge that the Court considered the fact

23

that AFA did not pursue an individual grievance in the February
SJ Order, and still concluded that Debeikes could not be
"excuse[d] from exhausting the contract's grievance procedures
prior to the Court's adjudication of his breach of CBA claim."
February SJ Order at 33, ECF No. 75-1.[7]

Accordingly, based on 1) the Amended Complaint's
failure to specifically allege exhaustion or an exception to
exhaustion and 2) Plaintiff's failure to put forth any facts that
would support a conclusion that an exception to the exhaustion
requirement applied based on established legal authority, it was
not clearly erroneous or contrary to the law for Magistrate Judge

---

[7]The February SJ Order noted:

> [A] different form of grievance, termed a "LEC
> grievance," is governed by CBA §§ 23(A)-(B) and
> allows for challenges against discipline issued to
> individual employees.  These grievances seek
> retroactive remedies, including reinstatement and
> backpay.
>
> The declarations of Henton, Trumble, and Akau
> state that AFA was willing and able to have filed
> a LEC Grievance on behalf of Debeikes, had he
> actually been issued discipline following the
> hearing Hawaiian Airlines requested.  Henton Decl.
> ¶ 36, ECF No. 52-1; Trumble Decl. 13, ECF No 55-2;
> Akau Decl. ¶ 30, ECF No. 52-3.  Because Debeikes
> retired before the company's disciplinary hearing,
> they were unable to do so.

February SJ Order at 32-33 n.22, ECF No. 75-1.

As noted above, the February SJ Order also rejected
Plaintiff's claim that the AFA's actions in relation to the MEC
grievance constituted a valid exception to the exhaustion
requirement.  <u>Supra</u> note 2.

Puglisi to determine that the Amended Complaint lacked an
adequate factual or legal basis to support Plaintiff's breach of
CBA claim.

### III. The Order for Sanctions' Conclusion that Plaintiff's Counsel Failed to Conduct a Reasonable and Competent Inquiry Was Not Clearly Erroneous

Turning to the second prong of the sanctions inquiry,
the Court must consider whether "an attorney, after conducting an
objectively reasonable inquiry into the facts and law, would have
found the [Amended] [C]omplaint to be well-founded." Holgate,
425 F.3d at 677.  "Such inquiry is that amount of examination
into the facts and legal research which is reasonable under the
circumstances of the case." Zaldivar, 780 F.2d at 831.  Notably,
"the conclusion drawn from the research undertaken must itself be
defensible" and "[e]xtended research alone will not save a claim
that is without legal or factual merit from the penalty of
sanctions." Id.  "[P]rior to filing a complaint" an attorney
must "conduct a reasonable factual investigation" and must "also
perform adequate legal research that confirms whether the
theoretical underpinnings of the complaint are 'warranted by
existing law or a good faith argument for an extension,
modification or reversal of existing law.'" Christian, 286 F.3d
at 1127 (quoting Golden Eagle Distrib. Corp. v. Burroughs Corp.,
801 F.2d 1531, 1537 (9th Cir. 1986)).

The Order for Sanctions concluded that it was

unreasonable "for Plaintiff's counsel to believe at the time the First Amended Complaint was submitted that it stated a viable claim against [Hawaiian Airlines]" with respect to its constructive discharge and breach of CBA claims.  Order for Sanctions at 15, ECF No. 160.  This conclusion was not clearly erroneous or contrary to law.

As a preliminary matter, the Court notes that the fact that the Court granted Plaintiff permission to file an amended complaint does not justify the deficiencies of Plaintiff's Amended Complaint, contrary to Plaintiff's apparent assertion. See Appeal at 3-4, ECF No. 162.  As argued by Hawaiian Airlines, Opposition at 22-23, ECF Dkt. 165, the Court's allowance in this regard does not excuse the filing of a frivolous Amended Complaint.[8]

## A. Constructive Discharge Claim

Magistrate Judge Puglisi did not clearly err in determining that it was unreasonable for the Amended Complaint to assert a constructive discharge claim, when the claim was clearly preempted.  Id. at 14-15.  As the Order for Sanctions notes, the

---

[8]The Court similarly rejects Plaintiff's insinuation that the Court's comments during the May 28, 2015 hearing suggest that the Amended Complaint was not frivolous.  See Appeal at 12-13, 14, ECF No. 162.  The Court's statement that Plaintiff's Amended Complaint added the fact that his supervisor was present at the time of the alleged "predetermined termination" does not reflect a determination that this fact would alter the viability of Plaintiff's claims.

Court's February SJ Order applied clearly established law to explain that a constructive discharge claim relying on a breach of the CBA is preempted.  Although Plaintiff's counsel was on notice of this potential downfall, the Amended Complaint did not put forth any allegation of constructive discharge independent from the CBA claim.  As noted above, the plain language of the Amended Complaint provided that the constructive discharge claim relied on the CBA's provisions.  See Am. Comp. ¶¶ 13, 14.  With respect to the merits of the claim, Plaintiff also failed to cure the deficiencies discussed in the Court's February SJ Order, as discussed above.  See supra II.A.

Plaintiff appears to argue that the presence of his supervisor at the time Hawaiian Airlines "made the predetermined terminations statements" provided additional support for his claim of coercion.  Appeal at 4, 10-11, 23, ECF No. 162.  As the Order for Sanctions noted, however, the Court's February SJ Order considered the allegation that Hawaiian Airlines informed him "that he would have been terminated had he gone to the disciplinary hearing."  Order for Sanctions at 14 n.1, ECF No. 160 (quoting February SJ Order at 30, ECF No. 75-1).  The Court concluded that this did not amount to coercion and that notwithstanding, Debeikes could have still pursued the grievance procedures instead of retiring.  Id. (quoting February SJ Order at 30, ECF No. 75-1).  Moreover, as discussed above, the presence

27

of Plaintiff's supervisor has no bearing on the factors necessary to prove coercion in this context.  See supra II.A. (discussing Morris, 997 F.2d 1144).  Accordingly, Plaintiff fails to provide valid legal support for his position that the presence of his supervisor resulted in coercion.  See, e.g., Zaldivar, 780 F.2d at 831 ("The pleader, at a minimum, must have a 'good faith argument' for his or her view of what the law is, or should be.").

### B. Breach of CBA Claim

With respect to the breach of CBA claim, Magistrate Judge Puglisi points out that despite the Court's February SJ Order discussing the exhaustion requirement and the exceptions to exhaustion, Plaintiff's Amended Complaint did not contain any related allegations.  Order for Sanctions at 14, ECF No. 60.  The Amended Complaint's failure to contain such allegations supports the conclusion that Plaintiff's counsel failed to conduct a reasonable legal inquiry prior to filing the Amended Complaint. See Holgate, 425 F.3d at 677 ("Even the most cursory legal inquiry would have revealed the required elements of the federal claims asserted, elements that the Holgates' complaint did not allege.").

Plaintiff's argument that additional allegations in the Amended Complaint supported an exception to the exhaustion requirement based on his review of the caselaw, is also

unavailing.  As discussed above, Plaintiff's counsel was on notice, given the Court's February SJ Order, of the necessary requirements to demonstrate that a "futility" or "repudiation" exception applied, yet Plaintiff failed to cure these issues in the Amended Complaint.  See supra II.B.  With respect to the third exception to the exhaustion requirement, Plaintiff argues that the Amended Complaint's "newly plead failure to pursue an[] individual 23(c) grievance on behalf of Plaintiff was meant to be an extension of the Vaca v. Sipes exception to exhaustion[.]"  Appeal at 25, ECF No. 162.  Pursuant to Vaca, a "wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance."  386 U.S. at 914.  However, as noted above and in both of the Court's orders, the deference given to a union with respect to its DFR is significant, and Plaintiff's Amended Complaint lacked allegations that AFA's actions were wrongful, arbitrary, discriminatory, or in bad faith.  See supra II.B.  Plaintiff has failed to put forth a "good faith argument" that the law should be expanded to apply to his situation.  See Zaldivar, 780 F.2d at 831; Christian, 286 F.3d at 1127.  Moreover, as discussed above, the Court's February Order considered the fact that AFA did not file an individual

grievance, thus Plaintiff's argument that this claim was "new" is unavailing.  See supra II.B.

Given this context, Magistrate Judge Puglisi's conclusion that Plaintiff's counsel failed to conduct a reasonable inquiry prior to filing the Amended Complaint was not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons set forth above, the Court AFFIRMS Magistrate Judge Puglisi's December 21, 2015 Order Granting in Part and Denying in Part Defendant Hawaiian Airlines, Inc's Motion for Sanctions Pursuant to FRCP Rule 11, or in the Alternative, Fees and Costs Pursuant to 28 U.S.C. § 1927, ECF No. 160.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 1, 2016.



_____
Alan C. Kay
Sr. United States District Judge

Debeikes v. Hawaiian Airlines, Inc. et al., Civ. No. 13-00504 ACK-RLP, Order Affirming the Magistrate Judge's Order Granting in Part and Denying in Part Defendant Hawaiian Airlines, Inc's Motion for Sanctions Pursuant to FRCP Rule 11, or in the Alternative, Fees and Costs Pursuant to 28 U.S.C. § 1927